UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

      Plaintiff,

-against-

CVR ASSOCIATES INC., et al.,

      Defendants.

1:19-CV-9185 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this frivolous action. By order dated November 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

  A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that a

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## DISCUSSION

Because of Plaintiff's history of filing frivolous and vexatious actions, by order dated November 7, 2019, the Court barred Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See Frost v. New York City (HRA)*, 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Although the filing bar does not apply to this action, which was filed before the filing bar was issued, this action is not a departure from Plaintiff's pattern of frivolous and vexatious filings.

Plaintiff alleges that "[s]omeone told me to open the gate. Money was flowing – it rained cats and dogs. I did but cannot say if it was done through manipulation, programming on projection." (ECF 2, p. 5.) She also alleges that

> The house keys was already long given by a masquerade to give to me but the many payments processed during the course of the day. I know things took a wrong turn when I saw a few and a Nomad entered the train to get processed. Someone inside this building said under their breath, "I need/have to get one up on you."

(ECF 2, p. 5-6.)

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

Plaintiff's action is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 26, 2019
       New York, New York

                                          COLLEEN McMAHON
                                      Chief United States District Judge